E-FILED
Monday, 25 October, 2021  12:08:10 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELIZABETH RYDER, | ) | |
| | ) | |
| Plaintiff, | ) | Case no: |
| | ) | |
| v. | ) | |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY. | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiff Elizabeth Ryder ("Ryder" or "Plaintiff"), by his attorneys, Blunt Slocomb, LTD, for his causes of action against Defendant Norfolk Southern Railway Company, Inc. (" NS" or "Defendant") states and alleges as follows:

### NATURE OF ACTION

1.     This is an action by Plaintiff against Defendant to recover damages and other relief under the whistleblower provision of the Federal Rail Safety Act, 49 U.S.C. § 20109. Plaintiff alleges retaliation in the form of intimidation, threats, suspensions, termination, and other discriminatory and illegal acts.  Further, this is an action to recover damages under the Federal Employers' Liability Act, 45 U.S.C. § 51 for injuries Ryder suffered during the course of her employment with Defendants resulting from Defendants' negligence.

### PARTIES

2.     At all times material hereto, Plaintiff was a resident of Mount Zion, Illinois and was employed by the Defendant.

3.     At all times material hereto, Defendant was engaged in interstate commerce as a common carrier by railroad, and all or part of plaintiff's duties as an employee of the defendant

were in furtherance of interstate commerce and closely, directly and substantially affected the same, by reason whereof the rights and liabilities of the parties were governed by the Act of Congress known as the Federal Employers' Liability Act, 45 U.S. Code, Sections 51-60.

## JURSIDICTION AND VENUE

4.    This action seeks redress for the violation of the rights guaranteed to Plaintiff by the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20101 *et seq.*, and the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*.

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

6.    Pursuant to 28 U.S. C. § 1391(b) and 45 U.S. C. § 56, this action properly lies in the United States District Court of the Central District of Illinois because the events giving rise to Plaintiff's claims occurred within this District.

7.    Plaintiff timely filed an administrative claim under 49 U.S.C. § 20109 with the Occupational Safety and health Administration's ("OSHA") Region 7 office bearing case No. 5-68-21-020.  More than 210 days have elapsed with no final decision, and Plaintiff therefore exercises her right to file an original action de novo pursuant to 49 U.S.C. § 20109(d)(3).

## FACTS

8.    At all relevant times mentioned herein Ryder was employed by Defendant as a Lead Clerk and worked in Defendant's Decatur, Illinois rail yard.

9.    On October 31, 2020, while acting in the course of her employment with Defendant, Plaintiff suffered a work-related injury to her right ankle while attempting to traverse a negligently constructed walkway. The injury was reported to Defendant immediately, and she was taken for medical observation and diagnosed with a sprained right ankle that ultimately resulted in surgery.

10.    On November 5, 2020, Plaintiff was charged by Norfolk Southern Railway and directed to attend a formal investigation on November 13, 2020. The investigation was postponed and eventually held on December 3, 2020. On December 11, 2020, Plaintiff received notification

that her employment with Norfolk Southern Railway had been terminated. Plaintiff's termination letter stated that she was being terminated for making false and/or conflicting statements concerning her on-duty injury and for not using a designated walkway.

11.     Defendant terminated Plaintiff's employment for her good faith reporting of an actual on the job injury. The reporting of Plaintiff's injury absolutely contributed to the adverse action of her termination.

12.     NS retaliated against Ryder for engaging in the protected activity alleged herein and because she reported an on-the-job injury when it terminated her on baseless charges brought forth by the very Supervisor that was the individual responsible creating the hazardous walking conditions.

**FIRST CLAIM FOR RELIEF –
FRSA RETALITATION
49 U.S.C. § 20109(a) and (b)**

13.     Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 27 as if fully set forth herein.

14.     The Federal Railroad Safety Act, in 49 U.S.C. § 20109(a)(1) and its implementing regulations at 29 CF.R. § 1982 et seq. state that a railroad engaged in interstate commerce may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee who provides information which the employee reasonably believes constitutes a violation of any Federal law, rule or regulation relating to railroad safety or security to a person with supervisory authority over the employee or such person who has the authority to investigate, discover or terminate the misconduct.

15.     The Federal Railroad Safety Act, in 49 U.S.C. § 20109(b) and its implementing regulations at 29 CFR § 1982 et seq., state that a railroad engaged in interstate commerce shall

not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee for reporting, in good faith, a hazardous safety or security condition.

16.     NS knew that Ryder engaged in the protected activities as defined in U.S.C. § 20109(a)(1) and § 20109.

17.     NS retaliated against Ryder and subjected her to adverse actions subsequent to and because she engaged in the protected activities defined in 49 U.S.C. § 20109(a)(1) and § 20109(b).

WHEREFORE, Plaintiff prays for relief as more fully set forth below:

    a)  Reinstatement;

    b)  Back pay with interest;

    c)  Lost benefits with interest;

    d)  Lost wages with interest;

    e)  Compensatory damages for economic losses due to Defendant's conduct;

    f)  Compensatory damages for mental anguish and emotional distress due to Defendant's conduct;

    g)  Statutory maximum of punitive damages;

    h)  Costs of Suit;

    i)  Special damages for all litigation costs including expert witness fees and attorney fees;

    j)  Award such other and further relief as this Court deems just and proper under the circumstances.

**SECOND CLAIM FOR RELIEF**
**FELA, Negligence**

18.     Plaintiff incorporates the allegations of paragraphs 1 - 6 and 8-9 above as if fully set forth herein.

19.     At the time of her injury, Ryder was working as a part of NS's business as a railroad engaged in interstate commerce.  Ryder's duties directly and substantially affected interstate commerce.

20.     On or about November 5, 2020, while performing her assigned duties for NS, Ryder was injured due to Defendant's negligence.

21.     Defendant was negligent in at least the following ways:

    a.   Failing to provide Ryder a reasonably safe workplace.

    b.   Failing to warn Ryder of known or reasonably foreseeable dangers.

    c.   Failing to provide Ryder with adequate information concerning the areas in which he was required to work.

    d.   Failing to keep its walkways, stairs and platforms free of debris and slip, trip and fall hazards

    e.   Failing to construct and maintain reasonably safe walkways, platforms, stairs and railings.

    f.   Failing to construct and maintain walkways, platforms, stairs and railings in compliance with 49 CFR 1910.

22.     As a direct and proximate result, in whole or in part, of the acts or omissions of Defendant, Plaintiff has been caused to undergo medical treatment for her ankle and the  use, movement, and function of the aforementioned part of her body  weas impaired. Plaintiff has suffered, and because such injuries are permanent in nature, will forever in the future suffer pain, mental anguish, and disability. Plaintiff has been caused to lose earnings and her ability to work and labor in the future has been permanently diminished because of the injuries she suffered and

the effect it has had upon her. In this regard, Plaintiff would show that she has suffered a decrease in her future wage-earning capacity. Plaintiff's ability to work, labor, and enjoy the ordinary pursuits of life has been or may be impaired and diminished. Plaintiff has been required to undergo medical care and treatment, and she will be required to undergo further care and treatment in the future. Plaintiff has expended or incurred reasonable expenses therefor and will be required to incur medical expenses in the future, the exact amount of which cannot be determined at this time. In the event Plaintiff did have any infirmities or pre-existing conditions in the aforementioned part of her body, said condition was aggravated, exacerbated, and caused to become symptomatic by the trauma sustained by plaintiff as described herein.

WHEREFORE, Plaintiff Elizabeth Ryder prays that judgment be rendered in her favor and against this Defendant for an amount that is fair and reasonable and in excess of seventy-five thousand dollars ($75,000.00) for his costs herein expended, and for such further relief as the Court deems appropriate.

**JURY TRIAL DEMAND**

Plaintiff Ryder hereby demands a trial by jury on all issues so triable.

DATED: October 25, 2021

Respectfully Submitted,

BLUNT SLOCOMB, LTD.

*/s/ Paul T. Slocomb*
Paul T. Slocomb #6226129
Blunt Slocomb, Ltd.
1115 Locust St., 4th Floor
St. Louis, MO 63101
314-231-5676
314-231-0323 (fax)